UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM L. FRY,

    Plaintiff,

    v.                                  Case No. 18-CV-01573

ASCENSION HEALTH MINISTRY SERVICES
d/b/a COLUMBIA ST. MARY'S,

    Defendant.

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
### MOTION TO DISMISS COUNTS II AND V OF PLAINTIFF'S COMPLAINT

    Defendant, COLUMBIA ST. MARY'S, INC., erroneously sued as ASCENSION HEALTH MINISTRY SERVICES d/b/a COLUMBIA ST. MARY'S ("Defendant" or the "Hospital"), by its attorneys, Littler Mendelson, P.C., and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits the following memorandum in support of its Motion to Dismiss Counts II and V of Plaintiff's Complaint.

### INTRODUCTION

    Count II of Plaintiff William L. Fry's Complaint purports to state a claim for religious discrimination, but does not include a single fact to suggest that Fry suffered any adverse action based on his religion. As such, Count II must be dismissed for failing to meet the minimum pleading standard for an employment discrimination claim.

    Count V of Fry's Complaint purports to state a claim for discrimination in violation of the Wisconsin Fair Employment Act ("WFEA"). However, because that state statute does not provide for a private right of action, Count IV must be dismissed with prejudice.

## COMPLAINT ALLEGATIONS

Fry was formerly employed by the Hospital as a Director of Patient Services for Behavioral Health. (Dkt. # 1, ¶ 11.) Fry is in his mid-50s, homosexual, and a "non-devout" Christian. (*Id.*, ¶¶ 9, 17.) In or around early 2017, Kathy McEwen became Fry's supervisor. (*Id.*, ¶¶ 15-16.) Fry claims that McEwen blamed him for the Hospital's results on a "Joint Commission Survey" and used it as a reason to demote him, but that her decision was actually based on his sexual orientation. (*Id.*, ¶ 14, 24, 28.) Fry also claims that McEwen insulted him, was disrespectful of him, and demeaned him because of his sexual orientation. (*Id.*, ¶¶ 21, 24.) In addition, Fry contends that he was terminated based on his sexual orientation and was replaced by younger employees. (*Id.*, ¶¶ 19, 28.)

Fry further states that the Hospital has a practice of praying before meetings and, after he expressed that the practice made him uncomfortable, the Hospital did not cease the prayers. (*Id.*, ¶¶ 34-36.)

## ARGUMENT

I. **Plaintiff Pleads No Facts To Suggest A Plausible Claim Of Religious Discrimination**

To survive a motion to dismiss, "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly,* 550 U.S. at 555, 557). In other words, "'the plaintiff must give enough

details about the subject-matter of the case to present a story that holds together.'" *McCauley*, 671 F.3d at 616 (citation omitted).

As the Seventh Circuit has explained, while Federal Rule of Civil Procedure 8 requires only a "short and plain statement" of entitlement to relief, there are nonetheless two "hurdles" a plaintiff must clear to survive a motion to dismiss. First, the complaint must provide enough detail to give the defendant fair notice of the basis of the claim against it and, second, the complaint must include factual allegations that raise the possibility of the plaintiff's entitlement to relief "above a 'speculative level.'" *Equal Emp't Opportunity Comm'n v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In the context of an employment discrimination claim, this means that, at a minimum, a plaintiff must "aver that the employer instituted a (specified) adverse employment action against the plaintiff based on" his membership in a protected class. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008), citing *Concentra*, 496 F.3f at 781-82.

Here, Count II of Plaintiff's Complaint fails to state a plausible claim for religious discrimination because it does not aver that the Hospital took any adverse action against Plaintiff that was related to his religion. Rather, Plaintiff alleges only that he is non-devout Christian (Dkt. # 1, ¶ 9), that the Hospital has a practice of praying before meetings (*id.*, ¶ 34), that religious language used in the prayers made him "uncomfortable," (*id.*), and that the Hospital "did not cease these prayer activities" after he expressed his discomfort (*id.*, ¶¶ 35-36.)

While Count II does not state what statute Plaintiff brings his claim under, we presume he intends to bring it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VI").[1] Title VII prohibits employers from discriminating against employees "with respect

---

[1] Elsewhere in the Complaint, Plaintiff explains generally that his claims are based on Title VII, Section 1981 of the Civil Rights Act of 1991 ("Section 1981"), and the WFEA. (Dkt. #1, ¶¶ 2-3.) Section 1981 does not prohibit

3

to the terms, conditions or privileges of employment." *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002). In order to prevail on a Title VII discrimination claim, an employee "'must show that [he] suffered a materially adverse employment action.'" *Id.* (citation omitted). An "adverse employment action" is

> more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Id.* (internal quotes and citation omitted). "While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'" *Smart v. Ball State Univ.*, 89 F.3d 437, 442 (7th Cir. 1996) (citation omitted). Thus, "material harm" must result from the "challenged action." *Haugerud v. Amery School Dist.*, 259 F.3d 678, 692 (7th Cir. 2001); *see also Malekpour v. Chao*, 682 F. App'x 471, 474 (7th Cir. 2017) ("petty slights or minor annoyances that often take place at work" are not actionable as adverse actions).

Here, Plaintiff does not suggest that he was subjected to any materially adverse change in the terms of his employment relating to his religion. Rather, he merely alleges that the Hospital did not stop pre-meeting reflections after he expressed that the practice made him uncomfortable. Critically, Fry's purported discomfort is not alleged to have caused him any cognizable harm.[2] As such, he has not met the minimum threshold for pleading an employment discrimination case,

---

religious discrimination. *Badal v. Ariens Co.*, Case No. 17-C-1701, 2018 WL 3037401, *7 (E.D. Wis. June 19, 2018). And, as will be discussed below, Plaintiff cannot state a claim under the WFEA.

[2] Fry contends elsewhere in his Complaint that he was "treated differently," demoted and terminated. However, he *specifically* attributes those adverse actions to his age and sexual orientation, not to any religious animus. (Dkt. # 1, ¶¶ 17, 19, 24, 27, 47.)

4

*i.e.*, he does not allege that the Hospital "instituted a (specified) adverse employment action against [him] based on" his religion. *See Tamayo*, 526 F.3d at 1084. Count II must, therefore, be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Badal*, 2018 WL 3037401 at * 4-5 (dismissing Title VII discrimination claim where plaintiff's factual allegations failed to suggest discrimination based on race or national origin); *see also Kong Pheng Vue v. Echo Bridge*, Case No. 13-cv-243-bbc, 2013 WL 1809880, * 1-2 (W.D. Wis. Apr. 29, 2013) (dismissing Title VII religious discrimination claim where complaint alleged no religious hostility).

## II. There Is No Private Right Of Action Under The Wisconsin Fair Employment Act

Count V of Plaintiff's Complaint ostensibly states a claim under the WFEA. (Dkt. # 1, ¶¶ 49-53.) The WFEA prohibits discrimination in employment based on defined protected classes. Wis. Stat. § 111.321. "The Wisconsin Department of Workforce Development's Equal Rights Division receives, investigates, and holds hearings on complaints charging discrimination in violation of the WFEA." *Sharp v. Stoughton Trailers, LLC*, Case No. 15-cv-598-jdp, 2016 WL 3102241, *2 (W.D. Wis. June 2, 2016), citing Wis. Stat. § 111.39.

Count V of Plaintiff's Complaint fails to state a claim under the WFEA and must be dismissed with prejudice because the WFEA does not create a private right of action. *See Chapman v. Yellow CAB Coop.*, Case No. 15-C-533, 2016 WL 756533, *5 (E.D. Wis. Feb. 24, 2016) (dismissing WFEA claim with prejudice because no private right of action exists); *Velyov v. Frontier Airlines, Inc.*, No. 14-C-0071, 2014 WL 5312656, *3 (E.D. Wis. Oct. 16, 2014) (granting motion for judgment on the pleadings on plaintiff's WFEA clam because a private right of action under the WFEA existed only during a limited window from July 1, 2009, and April 19, 2012); *see also Sharp*, 2016 WL 3102241 at*3 (W.D. Wis. June 2, 2016) (granting motion to dismiss because "[t]he WFEA does not afford plaintiff a general private right of action.").

## **CONCLUSION**

For the reasons set forth above, Counts II and V of Fry's Complaint cannot survive a motion to dismiss. Fry states no facts of any kind to suggest that he may have suffered any adverse employment action based on his religion, meaning that his claim fails to satisfy even the most lenient pleading standard. Fry's claim under the WFEA must be dismissed with prejudice because no private right of action exists under the WFEA. Defendant, therefore, respectfully requests that the Court dismiss Counts II and V of Fry's Complaint.

Respectfully submitted this 1st day of November, 2018.

COLUMBIA ST. MARY'S, INC.

By: */s/ Casey M. Kaiser*
 One of Its Attorneys

Sofija Anderson (SBN 1041498)
Casey M. Kaiser (SBN 1088881)
LITTLER MENDELSON, P.C.
111 East Kilbourn, Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5536
Facsimile: 414.291.5526
sanderson@littler.com
ckaiser@littler.com

FIRMWIDE:159164499.2 077095.1035